UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent<br><br>v.<br><br>ELOY CARRANZA-HURTADO,<br><br>Defendant/Movant. | Case No. C-11-03193-RMW<br>Related Case: CR-10-00438-RMW<br><br>**ORDER DENYING MOVANT CARRANZA-HURTADO'S MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255 AND DENIAL OF CERTIFICATE OF APPEALABILITY** |

## I. INTRODUCTION

Eloy Carranza-Hurtado ("Movant") seeks relief under 28 U.S.C. § 2255 from his conviction and sentence for illegal entry into the United States following deportation pursuant to 8 U.S.C. § 1326. Movant moves to set aside his plea agreement in order to either accept a new plea agreement or be resentenced. He argues that he received ineffective assistance of counsel and that the court committed several errors. Specifically, movant claims in his "ground 1" that his counsel failed to conduct a thorough investigation into the facts of the case, interrogate witnesses, submit a memorandum urging suppression of frivolous evidence and advise him of his substantive rights and

Case No. 11-CV-3193-RMW                - 1 -

ORDER DENYING § 2255 MOTION

potential defenses. Movant complains in his "ground 2" that his counsel failed to file a notice of appeal, move for a speedy trial, move for *Brady* material and advise him honestly about the length of the sentence counsel he would receive for his offense. In "ground 3" movant submits that the court failed to properly advise him of his rights and thus his plea was neither knowing nor voluntary. In "grounds 4 and 5" movant alleges that the court relied upon unsupported facts when it treated his prior offense as a drug trafficking offense or one constituting an aggravated felony. In "ground 6" movant asserts that the court erroneously failed to treat his prior felony offense as an element of his current offense. In "grounds 7-9" movant complains that the court failed to depart or impose a lesser sentence based on cultural assimilation, his alien status or the fact that a sentence of the length he received was greater than necessary to effectuate the goals of 18 U.S.C. § 3553(a). For the reasons explained below, the court denies the motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Movant, a citizen and native of Mexico, previously served a sentence in the District for New Mexico for conspiracy to distribute five or more kilograms of cocaine. Dkt. No. 1 at 2-3. Following completion of his sentence, on or about November 30, 2001, movant was deported from the United States to Mexico. Dkt. No. 11 at ¶ 2.

On May 7, 2010, movant was detained in Santa Cruz County, California. Dkt. No. 1 at 1. A fingerprint analysis on May 14, 2010 confirmed movant's previous incarceration in the District for New Mexico. *Id.* at 2-3.

On July 12, 2010, movant entered a guilty plea to a charge of illegal entry into the United States in violation of 8 U.S.C. § 1326. Dkt. No. 10 at ¶ 1. Movant acknowledged that he was an alien who had been deported from the United States and had later been found in the United States without obtaining authorization to re-enter. *Id.* at ¶ 1. As part of his plea agreement, movant waived the right to appeal any aspect of his sentence, or to collaterally attack the sentence, except for a claim of ineffective assistance of counsel. *Id.* at ¶¶ 4-5; Transcript 16:23-17:10. Movant also affirmed through interpreters that he knew what the charges were against him, knew any possible defenses and that his plea was voluntary. *Id.* at ¶¶ 16-17.

Case No. 11-CV-3193-RMW    - 2 -
ORDER DENYING § 2255 MOTION

1    Following acceptance of his plea, this court sentenced movant to twenty-seven months in
2 prison with a three year term of supervised release to follow if not deported. *Id.* at 2-3. Movant
3 appealed the decision on February 8, 2011. After the Ninth Circuit's denial of the appeal on May 9,
4 2011 as untimely, Dkt. No. 17, movant moved this court to vacate, set aside, or correct his sentence
5 under 28 U.S.C. § 2255. Dkt. No. 19.

## III. ANALYSIS

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the records from the prior proceedings that the movant is not entitled to relief the judge must dismiss the action and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings.

The court finds that movant is not entitled to any relief. Movant has failed to show that he was denied effective assistance of counsel or that the plea agreement or waiver contained therein is invalid.

### A. Movant Was Not Denied Effective Assistance Of Counsel

Defendants have a Sixth Amendment right to effective assistance of counsel. *Missouri v. Frye*, 132 S. Ct. 1399, 1404 (2012). The right to effective assistance of counsel extends to the plea bargaining process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). The benchmark for a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "The two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In the context of the plea process, the prejudice prong of *Strickland* requires the defendant show that the outcome of the plea process would have been different with competent advice. *Lafler*, 132 S. Ct. at 1384. "An error by counsel, even if professionally unreasonable, does not warrant setting aside judgment in a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Under the performance prong of *Strickland*, the defendant is required to show that "counsel's representation fell below an objective

standard of reasonableness." *Hill*, 474 U.S. at 57. However, the "court must indulge a strong presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Movant has failed to fulfill the prejudice prong of the *Strickland* test. He has failed to allege, let alone prove, that the outcome of the plea process would have been different had defense counsel performed as he allegedly should have. Movant has not identified any witnesses counsel should have contacted, any evidence that could have been uncovered by an investigation, any *Brady* material that was not disclosed by the government or any available defense to the charge. Movant has not alleged that he would have gone to trial if trial counsel had performed differently, nor has he alleged that curing any of defense counsel's alleged failings would have resulted in a more lenient sentence. By failing to allege that the outcome would have been different had defense counsel acted effectively, movant fails the prejudice prong required under *Strickland*.

### B. Movant's Guilty Plea Is Valid

Movant's argument that his guilty plea is invalid is without merit. He attempts to bypass his waiver of appellate and collateral attack rights by alleging that his plea was not knowingly and voluntarily made. However, he acknowledged that the plea agreement had been read to him in Spanish, that he signed it, and specifically that he understood he was giving up his right to appeal or attack his conviction or sentence in any way. Transcript 6-7, 16-17. A waiver of appellate rights is only enforceable if it is "knowingly and voluntarily made." *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991). Where a plea agreement is read in open court, and the plea agreement contains an express waiver of appellate rights, no further notice is required of the court under Rule 11 of the Federal Rules of Criminal Procedure. *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994). A signed plea agreement including a waiver of appellate rights and a declaration that defendant has "read the plea agreement, underst[ands] the terms and conditions, and ha[s] discussed those matters with his attorney" is sufficient to show that the waiver was entered into knowingly and voluntarily. *Id*. at 899.

In this case, movant's guilty plea is valid and its waiver fully enforceable because movant knowingly and voluntarily entered his plea. The plea agreement was executed in open court,

providing notice to the movant of its terms. Movant expressly waived his right to "appeal any aspect of [his] sentence." Dkt. No. 11 at ¶ 4. Further, movant affirmed that his "decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial." *Id.* at ¶ 16. Most importantly, movant discussed with the court in his Rule 11 colloquy that he understood that he was giving up his right to object to his conviction or sentence in any way except for a waiver of a claim that his attorney was ineffective. Transcript at 16-17. Under the rules stated by *Bolinger* and *Michlin*, movant knowingly and voluntarily entered a guilty plea and has waived his right to appeal. Movant is therefore estopped from bringing his claims that the court committed various errors. Even if movant had not waived his post-trial rights, he has provided no facts supporting his claims that the court erred. The facts show that his plea was knowing and voluntary, that he knew what his sentence would be if he accepted the plea agreement, that he admitted that he had previously been convicted for a drug trafficking offense, and that he had agreed to the sentence he received. It is also established that a prior conviction is not an element of the illegal re-entry charge for which movant was charged and convicted. *See Almendarez-Torres*, 528 U.S. 224 (1998).

## IV. ORDER

For the reasons explained above, the court DENIES the motion to vacate, set aside, or correct movant's sentence. A certificate of appealability is also DENIED. Movant has failed to make a substantial showing of the violation of a constitutional right.

Dated: July 25, 2014

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge